UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-070

MANUEL A. MENDEZ-HERASME :

MOTION TO SUPPRESS

NOW comes the defendant, Manuel A. Mendez-Herasme, and moves that this Honorable Court suppress the results of a warrantless search of a certain Toyota Avalon, Rhode Island registration OC-177: specifically, a safe and the contents of the safe, described as six large packages of cocaine. The above-referenced items were seized as a result of an unconstitutional arrest of the defendant and of his co-defendant, in violation of the fourth amendment to the United States Constitution. The defendant incorporates by reference the attached Memorandum of Law in Support of Motion to Suppress.

MANUEL A. MENDEZ-HERASME,
By his attorney,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICTATION

I hereby certify that I hand-delivered a copy of the within to Sandra R. Beckner, AUSA on the 19th day of July, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-070

MANUEL A. MENDEZ-HERASME :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SUPPRESS

The defendant, Manuel A. Mendez-Herasme, has moved that this Honorable Court suppress the results of a warrantless search of a certain Toyota Avalon, Rhode Island registration OC-177: specifically, a safe and the contents of the safe, described as six large packages of cocaine. The above-referenced items were seized as a result of an unconstitutional arrest and search of the defendant and the vehicle he had occupied. The search violated of the fourth amendment to the United States Constitution.

I. Defendant Was Arrested Without Probable Cause

A. Factual Background Of Seizure

Critical to the court's analysis of the issues presented by this motion is a determination as to the exact point when the defendant was arrested. In preparing for this motion, the defendant has focused on the police reports prepared in this

case. The report of DEA Special Agent Daniel Forde is attached hereto as Exhibit A and incorporated by reference herein.

For purposes of this motion, the defendant contends that he was arrested at the point where Agent Forde states:

> " A check of the registration showed that Mendez-Herasme was actually the registered owner of the vehicle he stated he did not know. At this time, both individuals were advised that they were under investigation for possible violations of drug trafficking violations, at which time TFA Jacobson and I received verbal consent to search the black Toyota. At this time, TFA Jacobson opened the truck of the black Toyota and found a large Sentry safe.
>
> Both parties were transported to the Pawtucket Police Department for further investigation. "

Report of Daniel Forde, DEA Special Agent dated May 25, 2006, p. 3. The report is attached as Exhibit A.

Later the safe was searched, after the co-defendant had consented, and the six packages of cocaine seized.

A review of the law governing probable cause demonstrates that, without any serious question, at the time Mr. Herasme-Mendez and the co-defendant were transported to the Pawtucket Police station, they were under arrest. There was no evidence, merely suspicion, that a crime had been committed. The discovery of

the safe in the trunk did not indicate that a crime had been committed. There were simply no observations that the Avalon was involved with the residence under surveillance and, more importantly, no suggestion by a canine that the safe contained narcotics. No officer had observed the safe being loaded into the Avalon prior to its leaving the parking lot. The police acted on what proved out to be a hunch. A hunch, without objective evidence that a crime was being committed, will not support an arrest.

At the point in time, as referenced in SA Forde's report, that Mr. Mendez-Herasme and his co-defendant were advised that they were "under investigation for possible violations of drug trafficking violations", they were essentially under arrest. Neither defendant was given his Miranda rights.

Any questioning of the defendant violated the fifth amendment to the United States Constitution. The "consent" , by either defendant, was involuntary because of the illegal arrest of the defendants. See Kaupp v. Texas, 538 U.S. 626 ( 2003 ).

In Kaupp, a unanimous Supreme Court, ruled that by transporting the defendant from his home to headquarters, restrained by handcuffs, he had been arrested. The subsequent, Mirandized statement would be suppressed unless the State of Texas was able to show that there was a " 'meaningful intervening event'

between the illegal arrest and Kaupp's confession. " 538 U.S. , at 633. The Kaupp decision affirmed what had been "black letter law", that:

> a seizure of the person within the meaning of the Fourth and Fourteenth Amendments occurs when, "taking into account all of the circumstances surrounding the encounter, the police conduct would communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business. "

538 U.S., at 629. ( quoting Florida v. Bostick, 501 U.S. 429, 437 (1991).

From the tone of Agent Forde's report, it was clear that, as of when he told Mr. Mendez-Herasme and the co-defendant that they were "under investigation for possible violations of drug trafficking violations ", neither defendant was free to go. Forde Report, at p. 3.

B. The DEA Lacked Reasonable Suspicion To Stop And Detain The Defendant

A review of the earlier portions of the report of SA Forde reveals that the police had no reasonable suspicion to justify the stop of the black Toyota Avalon operated by the defendant.

The surveillance by SA Forde and TFA Jacobson was of a location and of a certain vehicle, described as a large, dark-colored pick-up truck. The black Toyota Avalon, operated by the defendant, was stopped for absolutely no

articulable reason other than the fact that the driver left a house under surveillance.

The report of SA Forde states:

> " At this time, I observed a black sedan pull out frm the left side of the parking lot in front of the residence.
>
> As this vehicle exited the driveway of 95 Mullberry St, TFA Jacobson and I observed a black Toyota Avalon bearing RI registration OC-177, operated by a Hispanic male, subsequently identified as Manuel Aurelio Mendez-Herasme. A short time later, as TFA Jacobson and I were following the black vehicle, we noticed that the same large blue pick-up truck bearing RI 52671, was following us. At approximately 1:44 a. m., TFA Jacobson and I activated our lights and pulled the black vehicle over. As we exited our vehicle, the blue pick-up tried to pass us, but TFA Jacobson directed the blue pick-up to pull over in front of the black vehicle. "

Report of Daniel Forde, DEA Special Agent dated May 25, 2006, p. 2.

The actions of the agents in transporting the hand-cuffed defendant and co-defendant Sandoval to the police station constituted an arrest. That illegal arrest was preceded by the actions of the DEA agents and Task Force Agents in stopping, detaining and questioning Mr. Mendez-Herasme and his co-defendant.

Under the United States Supreme Court decision of Terry v. Ohio, 392 U.S. 1 ( 1968), police officers need more than an unparticularized suspicion or hunch to stop a vehicle, detain and question the occupants. 392 U.S. at 30. In this case,

the black Avalon had merely left the parking lot of a residence that was under surveillance. Just prior to the time the Avalon left the parking lot, a single, unidentified male was seen leaving the pick-up truck and entering the residence. Forde Report, p. 2. A male then left the residence and disappeared out of view. The Avalon left the parking lot at that time. Forde Report, p. 2.

II. Consent For Search Of The Avalon Was Invalid

As with any warrantless search, the government bears the burden of proving that the contested search came within a recognized exception of the fourth amendment's warrant requirement. The warrantless search of the Avalon, revealing the presence of the safe, violated the fourth amendment. Any subsequent search of the safe is tainted by the initial, unconstitutional search. See United States v. Chambers, 395 F. 3d 563, 570 (6th Cir. 2005).

The government must show that the consent was knowing and voluntary, focusing on the "totality of the circumstances." Schneckloth v. Bustamonte, 412 U.S. 222, 227 (1973). In this case, there is no indication as to **who** consented.

Special Agent Forde's report indicates that, after he learned that Mr. Mendez-Herasme was the registered owner of the pick-up truck,

> "both individuals were advised that they were under investigation for possible violations of drug trafficking violations, at which time TFA Jacobson and I received verbal consent to search the

black Toyota. At this time, TFA Jacobson opened the truck of the black Toyota and found a large Sentry safe. "

Forde Report at p. 3.

The report does not indicate from whom the consent was given. As set forth above, the defendants were under arrest at that point, a fact confirmed by the Pawtucket Police Booking report, at least as to co-defendant, Oscar Sandoval. At the very least, Mr. Mendez-HERASME was in handcuffs, per the Forde Report. ( The booking reports are attached hereto as Exhibits B and C, respectively. ) According to the report of Special Agent Forde, neither defendant was given his Miranda rights at the scene of the car stop.

The evidence shows that any consent at the scene of the stop was nothing more than "submission to a claim of authority". See Kaupp v. Texas, 538 U.S. 626, 631 (2003) (quoting Florida v. Royer, 460 U.S. 491, 497 (1983) (plurality opinion) ).

The consent at the car stop, which resulted in the arrest of Mr. Mendez-Herasme and Mr. Sandoval, was involuntary when the Court analyzes the entirety of the circumstances.

For all of the reasons set forth herein, the defendant respectfully moves that this Honorable Court enter an order granting his motion to suppress the fruits of the seizure of the Toyota Avalon.

MANUEL A. MENDEZ-HERASME,
By his attorney,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Sandra R. Beckner, AUSA on the 19th day of July, 2006.