IUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-070

MANUEL A. MENDEZ-HERASME :

MOTION TO SEVER

NOW comes the defendant, and, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, moves that this Honorable Court sever his trial from that of his co-defendant, Oscar Sandoval, on the grounds that Mr. Sandoval has made statements that implicate Mr. Mendez-Herasme, such that it would be prejudicial to Mendez-Herasme, to have his trial joined with Mr. Sandoval's trial.

MANUEL A. MENDEZ-HERASME,
By his attorney,

/S/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I delivered a copy of the within via ECF case filing to Sandra Beckner, AUSA, James Leavey, AUSA and to Judy Crowell, attorney at law on October 24, 2006.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-070

MANUEL A. MENDEZ-HERASME :

MEMORANDUM IN SUPPORT OF MOTION TO SEVER

The defendant has moved to sever his trial from that of co-defendant, Oscar Sandoval, on the grounds that Mr. Sandoval has made statements that are incriminatory to Mendez-Herasme, essentially placing the blame on Mr. Mendez-Herasme. The statements are summarized in the attached reports from the Drug Enforcement Adminstration.

I. Applicable Law

In this case, should Mr. Sandoval not testify, the defendant will have no ability to cross examine him as to the statements which implicate Mr. Mendez-Herasme. This scenario presents two thorny issues for the prosecution.

First, the inability of the defendant to cross examine Sandoval, in the likely event he does not testify, implicates Crawfor d v. Washington, 541 U.S. 36, 124 S. Ct. 1354,158 L. Ed. 2d 177 (2004). Crawford held that introduction of hearsay against a defendant is barred by the Confrontation Clause. 124 S. Ct. At 1374.

In addition, the introduction of the statements violates the decision of the United States Supreme Court in Bruton v. United States, 391 U.S. 123, 136-37, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968). Bruton requires a limiting instruction by the trial judge, directing that the statements be considered only against the declarant. The trial judge must then assess whether a jury would be able to obey the instruction in light of the nature of the incriminating statments. 391 U.S., at 128.

In this case, redaction is not workable as the jury would easily conclude that the statement would be referring to the Mr. Mendez-Herasme as the circumstances of the arrest point only to two participants, Mr. Mendez-Herasme and Mr. Sandoval. Redaction is unlikely to dilute the prejudice to Mr. Mendez-Herasme resulting from a joint trial.

MANUEL A. MENDEZ-HERASME,
By his attorney,

/S/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I delivered a copy of the within via ECF case filing to Sandra Beckner, AUSA, James Leavey, AUSA and to Judy Crowell, attorney at law on October 24, 2006.

/s/ Edward C. Roy, Esquire