**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-070S** |
| | : | |
| **OSCAR R. SANDOVAL-ESPANA** | : | |
| **and** | : | |
| **MANUEL A. MENDEZ-HERASME** | : | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT MANUEL A. MENDEZ-HERASME'S MOTION TO SEVER**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and hereby objects to the Defendant Mendez-Herasme's Motion to Sever for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

Certificate of Service

On this 26th day of October, 2006, I caused the Government's Objection to Defendant Manuel A. Mendez-Herasme's Motion to Sever, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street - Suite 300
Providence, RI 02903

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-070S** |
| | : | |
| **OSCAR R. SANDOVAL-ESPANA** | : | |
| **and** | : | |
| **MANUEL A. MENDEZ-HERASME** | : | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S OBJECTION TO**
**DEFENDANT MANUEL A. MENDEZ-HERASME'S MOTION TO SEVER**

Defendants are charged with possession with intent to distribute 5 kilograms or more of cocaine. Defendant Sandoval-Espana confessed to his role in the offense and implicated Defendant Mendez-Herasme. Thus, a Bruton[1] issue arises.

When confronted with a situation in which the government's evidence may violate Bruton, the Court is faced with several alternative solutions. The most draconian is to sever the trial;

[1]In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that the introduction of a non-testifying defendant's confession against a co-accused violates the Confrontation Clause of the Sixth Amendment. Following Bruton, the Supreme Court decided Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), holding that the redaction of a defendant's confession such that it does not facially implicate the co-defendant coupled with a limiting instruction avoids any Confrontation Clause problems. The Supreme Court then clarified Richardson by holding that obviously redacted statements, using blanks, the word "delete" symbols or other indications of redaction violate Bruton. See Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998).

however, "[i]t would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case before hand." Richardson, 481 U.S. at 210. In the case of a non-testifying defendant's confession, severance is unnecessary when "a defendant's name is replaced with a neutral pronoun, as long as identification of the defendant is clear or inculpatory only by reference to evidence other than the redacted confession, and a limiting instruction is given to the jury...." United States v. Vejar-Urias, 165 F.3d 337, 340 (5th Cir. 1999)(discussing Bruton and its progeny, and holding that the redacted confession admitted violated Bruton because it was clear that the redacted term was a reference to the defendant, but determining that any such error was harmless).

It is well-settled that "[w]here the reference to the defendant is indirect and the jury can only complete the inference by relying on other evidence in the trial, Bruton will not apply." United States v. Walker, 148 F.3d 518, 522 (5th Cir. 1998); see United States v. Jimenez, 77 F.3d 95, 98 (5th Cir.

1996)(holding that the redacted statement did not trigger Bruton); United States v. Espinoza-Seanz, 862 F.2d 526, 533-35 (5th Cir. 1988)(holding that a confession acknowledging the existence of a co-conspirator without naming the defendant did not trigger Bruton). In Walker, the Fifth Circuit determined that none of the statements admitted, one of which used the term "home boy" as a reference to the co-defendant, "directly implicate[d]" the co-defendant, an thus, "each of the statements [fell] squarely within the Richardson exception to Bruton." Id. at 523; see also United States v. Vega-Molina, 407 F.3d 511, 521 (1st Cir. 2005)(holding that redacting a defendant's confession to say "other individuals" did not directly implicate co-defendants and therefore did not violate Bruton).

Moreover, when the redacted statement falls "squarely with the Richardson holding," "the same attenuation of [the] statements...that prevents Bruton error also serves to prevent Crawford[2] error." United States v. Lung Fong Chen, 393 F.3d 139, 150 (2nd Cir. 2004), cert. denied, 2005 WL2414071 (U.S. Oct. 3, 2005). This is true because the redacted statement not only fails to inculpate the co-defendant, but also pursuant to a

[2]Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)(holding that an out-of-court, "testimonial" statement offered against an accused is inadmissible unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness).

court's limiting instruction, see Richardson, 481 U.S. at 211, is not admitted against the co-defendant. See Id.

In this case, the government seeks to introduce limited evidence of Defendant Sandoval-Espana's confession. The confession will be redacted to ensure that it does not facially implicate the co-defendant. When coupled with a limiting instruction that any statements Sandoval-Espana are not to be used against Mendez-Herasme, the testimony will fall squarely within Richardson.

For the reasons stated above, the government asks the Court to admit the redacted version of Sandoval-Espana's confession and deny Defendant Mendez-Herasme's motion to sever.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

Certificate of Service

On this 26th day of October, 2006, I caused the Government's Objection to Defendant Manuel A. Mendez-Herasme's Motion to Sever, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street - Suite 300
Providence, RI 02903

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov