**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-070S** |
| | : | |
| **MANUEL A. MENDEZ-HERASME** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Defendant MANUEL A. MENDEZ-HERASME requests that this Court award him a two-level downward departure for minor role pursuant to U.S.S.G. § 3B1.2. The Court should deny defendant's request because he is not less culpable than his co-accused Oscar Sandoval-Espana, and he is not "less culpable than most other miscreants convicted of comparable crimes." United States v. Melendez, 301 F.3d 27, 34 (1st Cir. 2002) (quoting United States v. Ortiz-Santiago, 211 F.3d 146, 149 (1st Cir. 2000)).

To qualify for a downward departure pursuant to § 3B1.2, the defendant must prove that he is less culpable than others involved in the offense and that he is less culpable than others convicted of a similar crime. See United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005); United States v. Gonzalez, 363 F.3d 15, 18 (1st Cir. 2004). "The relevant inquiry is 'whether the defendant was a minor participant in the crime for which he was convicted,' not in some broader conspiracy." Melendez, 301 F.3d at 34 (quoting United States v. Isienyi, 207 F.3d 390, 392 (7th Cir.), cert. denied, 531 U.S. 1035 (2000)).

Thus, even if the Court were to conclude that the defendant

is a courier for a drug organization and a relatively small fish in a large conspiracy, he still would not be entitled to a role adjustment because he is not a minor participant in the offense for which he stands convicted, possession with the intent to distribute. The courts have rejected a similar argument numerous times. See Mateo-Espejo, 426 F.3d at 512-13 (denying a role adjustment for a defendant who served as a courier transporting drugs and money, and surveying other cases in which the courier argument was rejected); Gonzalez, 363 F.3d at 18 (a mere driver is not necessarily entitled to a role adjustment).

The defendant in this case was stopped while transporting over five kilograms of cocaine. The cocaine was in the back of the car he was driving, and came from the house in which he was living. The cocaine had his fingerprints on it, and he had a key to the safe in which it was stored. Cf. Gonzalez, 363 F.3d at 18-19 (defendant who weighed, packaged and transported narcotics and money was not a minor participant). The defendant had possession over all five kilograms of the cocaine, and he admitted at his plea that he was going to deliver this cocaine. He was not a minor participant in the possession with the intent to distribute five kilograms or more of cocaine.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2007, I caused the within "Government's Response to Defendant's Sentencing Memorandum" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Notification by facsimile:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj